UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES LEON DORSEY,

    Petitioner,

-vs-                                                  Case No.  8:08-CV-2380-T-30EAJ

STATE OF FLORIDA, et al.,

    Respondents.
_____/

## ORDER

    Before the Court is Petitioner's, an inmate in a Florida penal institution proceeding *pro se*, "Independent Action for Relief Based Upon Fraud Upon the Court" (Dkt. 1) in which Petitioner challenges his 1981 convictions for false imprisonment, burglary, grand theft in the second degree, and robbery with a weapon entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. (Dkt. 1).  Petitioner asserts that his sentence and convictions should be set aside because the State intentionally perpetrated a fraud upon the state court when it filed a fraudulent information in his criminal case.  Petitioner asserts that he is bringing this claim as an independent action pursuant to Federal Rules of Civil Procedure, Rule 60(d)(1),(3).

    Initially, no independent action to vacate a criminal judgment can be based on the provisions of Fed.R.Civ.P. 60(b).  *Sanchez Tapia v. United States*, 227 F. Supp. 35, 37 (S.D.N.Y. 1964).  An independent action is unavailable "if the complaining party 'has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action * * * to open, vacate, modify or otherwise obtain relief against, the judgment.'" *Winfield*

*Associates, Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970)(citing 49 C.J.S. Judgments § 343a). "[T]here are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by, inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)." *Medberry v. Crosby*, 351 F.3d 1049, 1058 (11th Cir. 2003). 28 U.S.C. § 2254 applies to a prisoner in custody pursuant to judgment of conviction in state court. *Medberry*, 351 F.3d at 1059. Accordingly, because Petitioner is in custody pursuant to a state court conviction, the Court construes Petitioner's "Independent Action for Relief Based Upon Fraud Upon the Court" as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Although Petitioner challenges a 1981 conviction, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") is applicable to the petition. *See Williams v.* Taylor, 529 U.S. 420, 429 (2000); *Wilcox v. Fla. Dept. of Corrs.*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A review of the Court's files revealed that Petitioner has previously sought federal habeas relief in this Court. *See Dorsey v. Ragans*, Case No. 8:91-CV-118-T-25TGW (M.D. Fla. 1994), *aff'd*, 55 F.3d 636 (11th Cir. 1995) (Table); *Dorsey v. Butterworth*, Case No. 8:97-CV-961-

25EAJ (M.D. Fla. 1997); *Dorsey v. Sec., Dept. Of Corrs.,* Case No. 8:03-1787-T-24MAP (M.D. Fla. 2003); and *Dorsey v. Fl. Attorney General, et al.,* Case No. 8:03-1796-T-30 (M.D. Fla. 2003). Clearly this is a second or successive petition.

Therefore, pursuant to 28 U.S.C. 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's "Independent Action for Relief Based Upon Fraud Upon the Court" construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** (**Dkt. 1).**

2. The **Clerk** of Court is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3. The **Clerk** shall enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 3, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

3