UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CHARLES LEON DORSEY,

    Petitioner,

-vs-                                  Case No. 8:08-CV-2380-T-30EAJ

STATE OF FLORIDA, et al.,

    Respondents.
_____/

## **O R D E R**

This matter comes before the Court upon Petitioner's Notice of Appeal of the December 3, 2008 decision dismissing his construed petition for relief under 28 U.S.C. § 2254 (Dkt. 6), which the court also construed as an application for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 7), see *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997); Motion Requesting Certificate of Appealability (Dkt. 8), and Motion for Permission to Appeal *In Forma*

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

*Pauperis* (Dkt. 9).

To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is a second or successive petition, and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Applications for Certificate of Appealability (Dkts. 7-8) are **DENIED**.

2. Petitioner's Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 16, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Petitioner pro se